UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

NATALIE MUNOZ,

       Plaintiff,

v.

FIELD-TRIP, LLC,
a Florida Corporation, and BEAUDIT B.
BAKENGA, individually,

       Defendants.
_____/

## **COMPLAINT**

    COMES NOW Plaintiff, NATALIE MUNOZ, by and through her undersigned counsel, and sues the Defendants, FIELD-TRIP, LLC (hereinafter, referred to as "Company"), and BEAUDIT B. BAKENGA, individually, (hereinafter, referred to as "Bakenga"), and allege as follows:

    1.    That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants, but the Defendants willfully refused to compensate the Plaintiff for all work performed in direct contravention of the law, overtime hours, as well as even the basic minimum wage for such work, under Federal law.

    2.    That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

    3.    That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, Bakenga, individually, acted directly in the interests of her employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, Company, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That the Plaintiff, NATALIE MUNOZ, was hired as a non-exempt employee by the Defendants and was hired on June 26, 2015 as the social media manager, and was paid a salary of $35,000.

10. Plaintiff regularly worked on average 45 hours per week, but did not receive any overtime pay for these hours worked.

11. In September of 2015, the Plaintiff received a paycheck that was short six (6) days of pay.

12. Plaintiff asked Defendant, Bakenga, as to why her pay was short and did not receive an answer. Several days later, and in retaliation, the Plaintiff was terminated from her employment.

## COUNT I
## FLSA – MINIMUM WAGES-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

13. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

14. That the Defendant, Company, failed to pay the Plaintiff for six (6) days of pay.

15. By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, NATALIE MUNOZ, demands judgment against the Company, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA – MINIMUM WAGES-BAKENGA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

16. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

17. That the Defendant, Company, failed to pay the Plaintiff for six (6) days of pay.

18. By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, NATALIE MUNOZ, demands judgment against Bakenga, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## FLSA – OVERTIME-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

19. That Plaintiff is entitled to overtime wages for hours worked pursuant to the FLSA.

20. That the Defendant, Company, failed to pay the Plaintiff for any overtime worked.

21. By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, NATALIE MUNOZ, demands judgment against the Company, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT IV
## FLSA – OVERTIME-BAKENGA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

22. That Plaintiff is entitled to overtime wages for hours worked pursuant to the FLSA.

23. That the Defendant, Company, failed to pay the Plaintiff for any overtime worked.

24. By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, NATALIE MUNOZ, demands judgment against Bakenga, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT V
## FLSA – RETALIATION-COMPANY

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

25. That Plaintiff complained about the Defendant, Company's failure to pay minimum wages.

26. That the Defendant, Company, retaliated against the Plaintiff by terminating her employment.

27. By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, NATALIE MUNOZ, demands judgment against the Company, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT VI
## FLSA – RETALIATION-BAKENGA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

25. That Plaintiff complained about the Defendant, Bakenga's failure to pay minimum wages.

26. That the Defendant, Bakenga, retaliated against the Plaintiff by terminating her employment.

27. By reason of the intentional, willful and unlawful acts of the Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, NATALIE MUNOZ, demands judgment against Bakenga, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT VII
## UNPAID WAGES

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

28. That the Company as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiff.

29. That as a result of the Company's wrongful withholding of Plaintiff's wages, the Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, NATALIE MUNOZ, demands judgment against the Company, awarding Plaintiff her unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, NATALIE MUNOZ, demands trial by jury.

Dated: October 11, 2016.

Law Offices of Levy & Levy, P.A.
915 Middle River Drive, Suite 518
Ft. Lauderdale, Florida  33304
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701